IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-130(30) |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| NICHOLAS WHITE, | : | |
| Defendant. | : | |

**ORDER DENYING MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER OF DETENTION (DOC. 624)**

This case is before the Court on Defendant Nicholas White's Renewed Motion for Revocation or Amendment of Order of Detention (Doc. 624, hereinafter, the "Motion"). Mr. White now requests—for a third time—that the Court revoke or amend its previous detention orders (Docs. 177, 432, & 472) and grant him release pending trial. For the reasons below, Mr. White's Motion (Doc. 624) is **DENIED**.

Mr. White is currently detained pending trial for his involvement in a large-scale drug trafficking conspiracy. The Government asserts that the "overall scope of the conspiracy [Mr. White] is alleged to be involved with involves, to name a couple narcotics, hundreds of kilograms of cocaine and dozens of kilograms of fentanyl being trafficked in the Greater Cincinnati area." (Doc. 395.) Notably, at the time of his arrest, DEA agents searched his residence and found a large amount of currency and multiple weapons. (*See* Docs. 395 & 472.)

In November 2019, Mr. White appeared before Magistrate Judge Stephanie K. Bowman for a detention hearing. After considering the factors set forth in 18 U.S.C. § 3142(g), she ordered that Mr. White be detained pending trial because "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (Doc. 177.) Her decision was primarily based on the following reasons: the weight of evidence against him, the lengthy period of incarceration he would face if convicted, and his "[h]istory of violence or use of weapons" (with the word "weapons" underlined). (*Id.*) One month later, Mr. White filed his first motion for bond (Doc. 367), which the government opposed (Doc. 395). The Court held a hearing on January 30, 2020, and, after taking the matter under advisement, denied Mr. White's request based on the factors enumerated in 18 U.S.C. § 3142(g). (Doc. 432.) In March 2020, Mr. White filed his second motion for bond (Doc. 453), which the government again opposed (Doc. 460). In a detailed opinion, which is incorporated here in its entirety, the Court again denied Mr. White's request, in large part because he "poses a danger to the community at large." (Doc. 472.)

Mr. White now again requests that the Court revoke or amend its previous detention orders (Docs. 177, 432, & 472) and grant him release pending trial. The Court held a hearing on the Motion on February 25, 2021. Mr. White made various arguments in support, including his contention that there is "no direct evidence to suggest that his release pending trial would actually pose a danger to anyone in his community." (Doc. 624.) The Court disagrees. As this Court has repeatedly found, Mr. White poses a danger to the community. The nature and circumstances of the offense charged are

severe. *See* 18 U.S.C. § 3142(g)(1). He is alleged to have been a member of a large-scale criminal enterprise responsible for trafficking hundreds of kilograms of cocaine, fentanyl, and methamphetamine into the Southern District of Ohio. And, according to the Government, the evidence against him is "incredibly strong." *See* 18 U.S.C. § 3142(g)(2). The Government asserts that Mr. White's involvement in the charged conspiracy was captured and recorded on multiple Title III wire intercepts, as well as additional surveillance footage that shows Mr. White selling several kilograms of narcotics while in his work van. Moreover, at the time of his arrest, DEA agents found multiple weapons at his residence. Although Mr. White informed the Court that he has his carry and conceal license, the Government is of the opinion that Mr. White was armed with these weapons during his involvement in the charged conspiracy. The Court therefore agrees with the Government's assessment that those weapons are "[o]f paramount concern." (Doc. 395.)

In sum, Mr. White has failed to alleviate the Court's previously raised concerns or otherwise justify the Court revoking or amending its previous orders of detention. The factors the Court must consider under § 3142(g) weigh heavily in favor of detention. Therefore, after due consideration, Mr. White's Motion (Doc. 624) is **DENIED**.

**IT IS SO ORDERED**.

By: *[signature]*
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE